JAMES HENRY, as Guardian ad Litem for KATHRYN HENRY, Infant, Respondent, *v.* ALEXANDER CROOK, Defendant, Impleaded with INTERNATIONAL SPARKLER COMPANY, Appellant.

Third Department, July 6, 1922.

**Negligence — action for injuries suffered by child when her dress caught fire from sparkler — duty of manufacturer to give warning of danger — warning given not sufficient — verdict for plaintiff sustained by evidence — case submitted to jury on theory of negligence — amendment allowed under Civil Practice Act, § 109, on appeal to sustain theory on which case submitted — trial — not improper to allow jury to take sparklers to jury room and experiment with them.**

In an action by a child to recover for injuries suffered by her when her dress caught fire from a sparkler, which consisted of a small wire about twelve inches long, upon one end of which was a combustible substance which, upon being lighted, burned and threw off glowing particles, *held,* that it was the duty of the manufacturer in the making and selling of such an article intended for the use of children, to give a reasonable warning of the dangers which would naturally follow from lighting the sparkler and twirling it in the hand, and which a person of ordinary sense and understanding would apprehend would be likely to follow the use of the article for fireworks, and the statement printed on the package containing the sparkler in question, " Do not touch glowing wire," which was accompanied by other statements to show that the lighted sparkler would be absolutely harmless both indoors and out, did not constitute a sufficient warning of the danger to be apprehended from the use of the sparkler, and the verdict in favor of the plaintiff was fully justified by the evidence.

Under section 109 of the Civil Practice Act, the Appellate Division had the power to permit the complaint to be amended so as to state a cause of action on the theory of negligence, where the case was submitted to the jury on that theory after the court had elected for the plaintiff that the action was one in negligence but no formal amendment was made at the trial.

It was not an irregularity demanding a reversal for the jury to take to the jury room some of the sparklers and there to experiment with them, where it appears that a number of the sparklers were tested in open court during the trial and that they were taken by the jury with the knowledge of the defendant's attorney and without any objection on his part.

APPEAL by the defendant, International Sparkler Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 22d day of October, 1921, upon the verdict of a jury for $2,500; also from an order entered in said clerk's office on the 2d day of November, 1921, denying said defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 1st day of November, 1921, denying said defendant's motion to set aside the verdict on the ground of misconduct of the jury.

*James Jenkins,* for the appellant.

*Amos Van Etten,* for the respondent. ·

VAN KIRK, J.:

Plaintiff, a child then seven years of age, purchased a package of sparklers. The sparkler consists of a small wire about twelve inches long, upon one end of which is a combustible substance which upon being lighted burns and throws off glowing particles. The sparklers so purchased were contained in a wrapper, on which the defendants had caused to be printed the following: " International Sparklers. Light at end. The sparks are harmless. Do not touch glowing wire. Safe and sane. Smokeless and odorless. International Sparklers, the perfectly harmless article for indoor and outdoor celebrations, picnics, street parades, lawn and coach parties, Mardi Gras and other celebrations. Beautiful Sun wheel is produced by bending wire handle sufficient to swing in circle — A harmless and delightful amusement for children. Are known the world over as cold fire — Approved by the various State authorities where fireworks are prohibited. Manufactured by International Sparkler Co., Bellville, N. J."

The child purchased this package of sparklers from a merchant. She took the sparklers to her home and showed the package to her mother. She then took one of the sparklers out on the porch, ignited it and after it was burning carried it into the room where her mother was. Thereafter she again went out on the porch. She testified as follows: " Q. Now when you got back on the porch show the jury just what you were doing with it? A. I made it go around. Q. Indicate the way you were making it go around. [Witness illustrates.] Q. Then what happened? A. The sparks caught on my dress. Q. Did they set fire to your dress? A. Yes sir. Q. Was it while you were moving it around that this fire caught? A. Yes sir. Q. When the sparks caught in your dress as you say what did you then do? A. I dropped it and I ran down, and I was going to roll in the grass." Upon cross-examination she testified: " Q. And you kept it going around? A. Yes sir. Q. And

there your dress caught fire? A. Yes sir. Q. This [indicating] iron was hot, was it, this [indicating] steel — how far had it burned, if you remember, Kathryn, before you caught fire; how much had burned? A. About half. Q. About half-way down here [indicating]? A. Yes sir. And this wire here [indicating] was that red hot, was that glowing? Do you know what I mean by ' glowing,' the color of fire? A. Yes. Q. That was glowing when your dress caught fire? A. Yes sir. Q. Do you know where the dress caught fire first? A. It caught fire first here [indicating]. Q. Where was it, on the waist here [indicating]? A. Yes sir. Q. Are you sure about that? A. Yes sir."

Plaintiff invokes the rule or principle of liability announced in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382); *Torgesen* v. *Schultz* (192 id. 156), or *Statler* v. *Ray Manufacturing Co.* (195 id. 478). In these cases the principle was upheld that, where a manufacturer supplies to the market articles which, when used for the purposes intended, any person of ordinary sense would realize, unless ordinary care and skill is used in respect to their condition, there will be danger of injury to the person using them, a duty arises to use ordinary care and skill in preparing these articles for the market. Such manufacturer is liable to one with whom it has no contractual relation if such article was put out in a defective condition, which defect ought to have been discovered or remedied by the use of ordinary care. These rules were made to apply to articles which were inherently dangerous, or which were imminently dangerous when used for the purposes intended. It is not necessary for us in this case to hold, and we do not hold, that the sparkler itself was inherently or imminently dangerous. They are not more dangerous in themselves than the small fire-cracker or the ordinary match.

All the above-named articles were intended to be used by mature people of ordinary understanding. These sparklers, however, were intended for the use of children of tender years, immature, who are not chargeable with understanding, sense of danger and prudence; young children who must be warned of danger. The legend upon the package was more a recommendation than a warning. A parent could very naturally get the impression that these were entirely harmless, " safe and sane " pieces of fireworks, to be used indoors or outdoors, and no danger could be suffered from their use, except if one touched the glowing end a burn would follow. The statement that they may be used indoors, where are usually rugs and carpets and other inflammable materials during the holiday time, would give one the impression that a fire could not be ignited by their use. The clothing of children is often sheer

and easily inflammable. We think that a duty rested upon the manufacturer of such an article intended for the use of children to give a reasonable warning of those dangers which would naturally follow, and which a person of ordinary sense and understanding would apprehend would be likely to follow, the use of the article for fireworks. In the above-cited automobile case, aerated water bottle case and coffee urn case, negligence of the manufacturer or seller depended upon the failure to use ordinary care to avoid a defect in the article or to inspect to discover an existing defect. Here the essential element of liability is the failure of the manufacturer to give the necessary instructions and warning in the use of the article.

There was sufficient evidence in the case that the child's dress was ignited by this sparkler while the child was using it. The court, without objection, submitted to the jury the following questions, among others: Was the sparkler the sparkler of the defendant? The evidence justified the answer, Yes. Was this child negligent, or was the mother guilty of any negligence imputable to the child that caused this accident? The evidence justified the jury in answering this question, No. Was there negligence upon the part of the defendant in offering this article for sale for use by children? The jury answered, Yes. The court had before instructed the jury with reference to the last question, that the defendant owed the duty of ordinary care to this plaintiff, that the defendant should exercise ordinary care and prudence to inform the public of the care of the article and how it might be used, " and it is for you to say whether, in describing this instrument as a perfectly harmless instrument, and whether saying ' Do not touch the glowing wire ' is enough. Ought not children and the parents of children, to be told more? " and said: " It is for you to say whether or not the defendant lived up to his duty in suffering and permitting this sale of this article to be made." The charge of the court determined the theory upon which the case was submitted to the jury, and we think it was fairly submitted; that the jury was justified in finding the defendant, appellant, liable for the damages incurred and that the judgment should be affirmed.

The appellant claims that the complaint should be dismissed because it does not state a cause of action. The defendant, appellant, at the opening of the trial, moved that the complaint be dismissed because of the insufficiency of the complaint; the court denied the motion. Also, at the close of the evidence, defendant renewed this motion, which was again denied. Thereafter the defendant asked the court to direct plaintiff to elect on what theory he goes to the jury, whether negligence or misrepresentation. The

court replied: " He seems not to have thought that it was necessary for him to elect, and I will have to elect now. The theory is negligence." Plaintiff's attorney then said: " In that connection I will ask, in the interests of justice, under the provisions of the Code, that the complaint be amended to conform to the evidence." After some discussion the court said: " While there are no conventional words in the pleading alleging that what happened was a wrong, the pleading may be amended to state it." The amendment was not formulated. The case was submitted to the jury, however, upon the theory that it was a negligence action. We think the evidence was sufficient to sustain the verdict, and that, if an amendment to the complaint be necessary, it may now be allowed under section 109 of the Civil Practice Act, which provides: " In a court of record, where a verdict, report or decision has been rendered, the judgment shall not be stayed, nor shall any judgment of a court of record be impaired or affected, by reason of either of the following imperfections, omissions, defects, matters or things, in the process, pleadings or other proceedings: * * * 5. For a mispleading or insufficient pleading. * * * Each of the omissions, imperfections, defects and variances specified in this section, and any other of like nature, not being against the right and justice of the matter, and not altering the issue between the parties, or the trial, must be supplied when necessary, and the proceeding amended, by the court wherein the judgment is rendered or by an appellate court." (Rules of Civil Practice, rule 166.)

There were no errors in the ruling of the court that required a new trial.

The defendant has moved to set aside the verdict for irregularities in the jury room, it being claimed that the jury in the jury room experimented with the sparklers. Defendant claims that the sparklers are absolutely harmless. A number of them were tested in open court during the trial. When the jury were about to retire they were permitted to take with them the sparklers which were in evidence. The defendant's attorney knew the jury were permitted to take these sparklers and made no objection. We think there was no irregularity in this respect which requires a reversal.

The judgment and orders should be affirmed, with costs.

Judgment and orders unanimously affirmed, with costs.