Gloria L. MESSINA, as Administratrix of the goods, chattels and credits which were of Joseph C. Messina, deceased, Plaintiff-Appellant,

v.

CLARK EQUIPMENT COMPANY, Defendant-Appellee.

No. 44, Docket 25117.

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1958.

Decided Feb. 2, 1959.

Julian Buchbinder, New York City, for plaintiff-appellant.

John Nielsen, New York City (John P. Smith, New York City, on the brief), for defendant-appellee.

292

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

HINCKS, Circuit Judge.

This is a case brought to recover for the death of the plaintiff's intestate. The action was tried to a jury. Diversity of citizenship was the only ground of jurisdiction in the court below. The only question presented by this appeal is whether the dismissal of the complaint, after the plaintiff's case was in, was based on a proper interpretation of New York law.

The plaintiff's intestate was killed while operating an earth mover manufactured by the defendant. The earth mover had a large bucket device suspended in front of the machine, which was raised and lowered by two scissor arms, pivoted to the machine behind the driver's compartment, one on either side. The accident occurred when a gas leak in the machine was being repaired; in order to allow mechanics to get at the leak, the decedent had raised the scissor arms and the bucket. He then shut off the motor and was apparently getting out of the cab when the bucket fell. He was crushed between the scissor arms and the cab.

The plaintiff did not claim that the accident was caused by any latent defect in the manufacture of the machine. Her complaint was based solely upon the theory, supported by evidence at the trial, that it was customary among manufacturers of similar machines to provide guards and safety devices to prevent an operator from getting into or out of the cab while the arms were raised. Her attorney expressly disavowed other bases for recovery. The dismissal was based upon the ground that under New York law a manufacturer owes no duty to a remote user beyond the duty to keep the article of manufacture free from hidden defects or dangers. Campo v. Scofield, 301 N.Y. 468, 95 N.E.2d 802; Inman v. Binghamton Housing Authority, 3 N.Y.2d 137, 143 N.E.2d 895, 59 A.L.R.2d 1072.

■■ Upon this appeal the plaintiff contends that in this case the allegations and proof of a general standard among manufacturers to provide safety devices for such machines as that involved here, take the case outside the reach of Campo and Inman. But we think these cases make it plain that the manufacturer's liability is limited to hidden defects and concealed dangers. Indeed, in Campo it was said [301 N.Y. 468, 95 N.E.2d 803]: "The cases establish that the manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers. Accordingly, if a remote user sues a manufacturer of an article for injuries suffered, he must allege and prove the existence of a latent defect or a danger not known to plaintiff or other users." The Campo opinion further states: "If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands." And in Campo it was further observed with apparent approval: "In point of fact, several of the cases actually declare that a duty is owed, a liability imposed, *only if* the defect or danger be not 'known' or 'patent' or discoverable 'by a reasonable inspection.' " (Emphasis as in Campo opinion.)

And if the Campo decision left any doubt of the New York law on the point, the doubt was set at rest by the Inman case [3 N.Y.2d 137, 143 N.E.2d 898] decided as recently as 1957. The suit had been brought against the architect and builder of an apartment house for injury to a child who fell from an unprotected stoop. The complaint charged negligence in the design and construction of the building which created a "hazardous and extremely dangerous condition," in the stoop area, "well-knowing that * * * [it] would be used by infant

children" and that the danger stemmed from the absence of "a protective railing, guard, or any device whatever to protect the occupants * * * from falling." Although the court held that the principle of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, was not inapplicable because the action was concerned with a defect in real estate rather than a chattel, it went on to hold that under the MacPherson doctrine the complaint here was insufficient to state a cause of action. It expressly reaffirmed and quoted at some length from its Campo decision. It added: "And, since the presence of a latent defect or a danger not generally known is precedent to the manufacturer's liability, the absence of such a recital in the complaint is fatal to the existence of a cause of action." Apparently in Inman, as in Campo, there was no express allegation in the complaint of a general custom to provide a safety device. We think, however, that fact was implicit in the extract from the complaint set forth above. And in any event, under the unequivocal language of the opinion, even with such an allegation included the complaint would not have stated a cause of action.

In the instant case, plaintiff's counsel conceded, and necessarily so, that he made no claim of a latent defect or a danger unknown to the decedent. We think only a forced reading of the New York cases would avoid their application to this case. In 2 Harper & James, The Law of Torts § 28.5 (1956), the Campo decision was cited several times with critical comment. However that may be, the court, in its Inman decision, although citing Harper & James and hence fully cognizant of the comment therein, reaffirmed Campo. Apparently the court still felt that an extension of the MacPherson-Buick rule to cover an obvious defect in design and an obvious danger could properly be accomplished only by legislation—a view previously expressed in Campo. And we must apply the law as enunciated by the Court of Appeals of the State. Erie R. Co. v.

Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Affirmed.

CLARK, Chief Judge (dissenting).

In New York, as well as elsewhere, the extent of one's duty to refrain from negligent conduct is measured by the scope of the risk which such conduct foreseeably entails. Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253. And this law is the same for manufacturers as for other members of society. Crist v. Art Metal Works, 230 App.Div. 114, 243 N.Y.S. 496, 499, affirmed 255 N.Y. 624, 175 N.E. 341; Noone v. Fred Perlberg, Inc., 268 App.Div. 149, 49 N.Y.S.2d 460, 463, affirmed 294 N.Y. 680, 60 N.E.2d 839; Liedeker v. Sears, Roebuck & Co., 249 App.Div. 835, 292 N.Y.S. 541, affirmed 274 N.Y. 631, 10 N.E.2d 586. The Campo and Inman decisions did not shift the basic inquiry as to the reasonable foreseeability of the danger to a sterile definitional quibble over whether the injury was caused by a "latent" or a "patent" defect.

Since the majority concede that MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, is still a correct statement of New York law, I am puzzled by their suggestion that the Campo decision sweepingly relieved manufacturers from liability for defects or dangers discoverable by a reasonable inspection. The theory on which plaintiff recovered in MacPherson was that the defect in the automobile wheel was one which the defendant could have discovered by a reasonable inspection. Obviously the basic inquiry in MacPherson and all such cases is what dangers the manufacturer foresaw or reasonably should have foreseen to users of its product. See Crist v. Art Metal Works, supra, 230 App.Div. 114, 243 N.Y.S. 496; Noone v. Fred Perlberg, Inc., supra, 268 App.Div. 149, 49 N.Y.S.2d 460; Liedeker v. Sears, Roebuck & Co., supra, 249 App.Div. 835, 292 N.Y.S. 541. Indeed the Campo opinion itself heavily stresses this: " * * * entirely lacking is any

allegation of fact indicating that defendants foresaw or should reasonably have foreseen a danger to one using the machine for its intended purpose. As we have observed, those omissions are fatal." 301 N.Y. 468, 472, 95 N.E.2d 802, 804.

Here we have both the allegation and the proof of the facts absent in the Campo case. The plaintiff has shown a general industry practice of installing safety devices to avoid precisely the accident which caused the death of plaintiff's decedent; surely this indicates, prima facie at least, that defendant should reasonably have foreseen a danger to persons using its machines, and should have foreseen that many such operators do not realize this danger. And hence the case is for the jury, not the judge, to decide.

Nor can the result in this case be upheld on the basis of a concession of counsel upon which the majority so heavily rely. As I read the response of plaintiff's counsel to the court's questions, I think it clear that he did not concede that the *danger* was known, only that the parts of the earth mover which by their improper design created a danger were themselves visible and apparent.[1] And even if counsel's answers might conceivably be pressed further, I believe it unjust to do so; they should be read as making the proper and obvious concession that the facts showed, but not one entirely improper on the record. As Campo and Inman repeatedly state, it is knowledge of the danger itself—here that the bucket of the earth mover might drop when least expected, even while the motor of the machine is turned off—which is significant.[2] We cannot rule as a matter of law from the evidence below or from judicial notice that this danger in defendant's machine was either generally known or even known to plaintiff's decedent.

In the Campo and Inman decisions the New York Court of Appeals expressed its feeling that only the legislature, and not the relatively free speculation of a jury, should impose on an entire industry a duty to install all possible safety devices. But it is quite a different matter merely to permit a jury to hold a manufacturer to such standards as have been overwhelmingly and voluntarily adopted by his industry. See Stevens v. Allis-Chalmers Mfg. Co., 151 Kan. 638, 100 P.2d 723, cited with approval and followed in the Campo opinion. While only the legislature ought sweepingly to change general safety practices, it is ill suited to fulfill the task of bringing every errant manufacturer into line. I do not think the New York Court of Appeals meant to shunt this responsibility off to that body. Here again I believe we are applying state law more rigidly than would the state courts themselves. Hence I think it error that the judge refused to submit the case to the jury.

---

[1] "The Court: You don't claim a latent defect, do you?
"Mr. Buchbinder: I do not, sir, no.
"The Court: Or a danger unknown to the plaintiff?
"Mr. Buchbinder: I don't claim that.
"The Court: Entirely lacking as to any recital of the absence of guards or a stopping device was unknown to him. You don't claim that.
"Mr. Buchbinder: I don't claim that.
\* \* \* \* \*
"The Court: To understand you further, you don't claim any hidden or latent defect?
"Mr. Buchbinder: No, sir."

[2] " \* \* \* the presence of a latent defect or a danger not generally known is precedent to the manufacturer's liability. \* \* \* Entirely lacking, to paraphrase what we said in the Campo case, supra, 301 N.Y. 468, 471, 95 N.E.2d 802, is any suggestion that the structure possessed a latent defect or an unknown danger." Inman v. Binghamton Housing Authority, 3 N.Y.2d 137, 145, 143 N.E. 2d 895, 899. "In short, in the present case, we have nothing that is related to, or stems from, the existence of a latent fault or hidden danger in either design or construction." Id., 3 N.Y.2d 137, 146, 143 N.E.2d 895, 900. See also Henry v. Crook, 202 App.Div. 19, 195 N.Y.S. 642; Crist v. Art Metal Works, 230 App. Div. 114, 243 N.Y.S. 496.