Stephanie **EVRIDGE**, a Minor b/n/f and Father, Joe Evridge and Joe Evridge, Individually, Plaintiffs-Appellees,

v.

AMERICAN HONDA MOTOR COMPANY, INC., and Honda Motor Company, Ltd., Defendants-Appellants.

Supreme Court of Tennessee at Knoxville.

Feb. 19, 1985.

Charles B. Lewis, Linda J. Hamilton, Knoxville, for defendants-appellants.

R.R. Ruth, Jr., James W. Milam, Chattanooga, for plaintiffs-appellees.

## OPINION

BROCK, Justice.

### I

Stephanie Evridge and her father brought this action against the manufacturer and the distributor of a motorbike to recover for injuries received by Stephanie in an accident while she was a passenger on a motorbike. The complaint sets forth causes of action based on strict liability and negligence theories.

On the day of the accident, six year old Stephanie was playing in her yard while

nine year old Brian Hyde, her neighbor, "doubled" his sister on his Honda Express nearby. Brian agreed to let Stephanie double. They had moved only a few feet when Stephanie's foot slipped down and was trapped between the rear wheel and the hot exhaust pipe on the bike. She suffered third degree burns to her foot.

Brian is an experienced motorbike operator, having operated them since he was three years old. His parents are also very experienced in operating motorcycles. Brian received the Honda Express a few weeks prior to the accident from his parents. They purchased the bike from Brian's uncle. It was a used bike and came with no warranty or owner's manual.

The Honda Express, as described by the Court of Appeals,

"... was designed with a muffler on the right side and with the rear wheel suspended on an axle mounted on the left side. During operation of the motorbike, the inside of the muffler is at a high temperature. There was a cooling guard on the top and along the outside of the muffler, but there was no bracket, guard or support member between the muffler and the spokes of the rear wheel. The space between the muffler and the rear wheel was large enough for a child to get a foot caught between the hot muffler and the rear wheel. As manufactured, the Honda was equipped with a luggage rack which was attached to the rear fender immediately behind the operator's seat. The Honda did not have regular foot pegs for a passenger, however, it did have a chain guard on the left side and a muffler guard on the right side which were flat enough to be used as foot rests for a passenger seated on the luggage rack. The luggage rack was flat enough for a passenger to ride on it."

The Honda Express comes with a decal located on the headlight, visible to the operator, which reads:

WARNING

OPERATOR ONLY

NO PASSENGERS

Located on the oil tank under the luggage rack behind the seat is another decal which is captioned "CAUTION." Along with other specifications, the decal states:

"VEHICLE CAPACITY LOAD: 180 lbs. (82 Kg) OPERATOR ONLY. FRONT 7 lbs. (WITH OPTIONAL CARRIER FITTED). REAR 11 lbs."

The owner's manual for the Honda Express, which was not seen by the Hydes, contains the following statement on the inside of the front page:

"IMPORTANT NOTICE

"OPERATOR ONLY. NO PASSENGERS.

"This motorcycle is designed and constructed as an operator only model. The seating configuration does not safety [sic] permit the carrying of a passenger. Do not exceed the vehicle capacity load limit shown on the tire information label."

Later, under the heading "WARNING," the manual states,

"Exhaust pipe and muffler become very hot during operation and remain sufficiently hot to inflict burns if touched, even after shutting off the engine. Wear clothing which will completely cover the legs while riding and avoid any contact with unshielded portions of the exhaust system.

"Do not wear loose clothing which may catch on control levers, starter pedal, foot pegs, wheels and tires."

Brian and his parents admitted in depositions that they had seen and understood the warning on the headlight decal. Nevertheless, Brian was given permission to double his younger sister, but was told "to be real careful and not to be making sharp turns, quick turns, or anything like that ..." when he was carrying her. Mr. Hyde gave as his reasons for allowing Brian to double his sister that "all the other kids in the neighborhood, they doubled on theirs and there were two decent places to put your feet" (the top of the muffler

guard and the chain guard) and there was a luggage rack on which a passenger could sit. Mrs. Hyde deposed that, although she realized that the manufacturer instructed that no passengers should ride on the motorbike, she felt it was safe to ride passengers on it and would not have allowed her daughter to ride otherwise. Brian was not expressly given permission to double anyone other than his sister, but was not told not to double anyone else.

Neither Stephanie nor her parents had seen the decals on the Honda prior to the accident. Her parents deposed that they were not asked to give permission to Stephanie to ride on the bike and would have denied permission if it had been requested. Stephanie had never ridden on a motorcycle before the accident.

The trial judge granted the defendant's motion for summary judgment on the basis that the acts of Brian and his parents in intentionally ignoring the warning which they saw and understood "constitute an efficient, predominant, and intervening cause...." The plaintiff appealed to the Court of Appeals which reversed the judgment of the trial court and remanded for a trial on the merits. We granted defendant's application for discretionary review.

## II

The defendants first contend that the Court of Appeals erred in reversing the trial court's grant of summary judgment in their favor because the actions of Brian and his parents in failing to follow the warnings are, as a matter of law, an intervening cause sufficient to relieve the defendant of liability, assuming liability would otherwise exist.

■ The doctrine of intervening cause has been concisely stated as follows:

" 'Damage cannot be attributed to a given negligent act as its proximate cause when it appears that subsequent to that negligence, a new, independent, and unexpected factor intervenes which itself appears to be the natural and real occasion of the mischief. The intervening cause breaks the chain of legal causation

and relieves the original negligent actor of responsibility.' " *Ford Motor Co. v. Wagoner*, 183 Tenn. 392, 401, 192 S.W.2d 840, 844 (1946), quoting, 1 Street, *Foundations of Legal Liability*, 120.

An intervening act will not exculpate the original wrongdoer unless it appears that the negligent intervening act could not have been reasonably anticipated. *Ford Motor Co. v. Wagoner*, 183 Tenn. at 399, 192 S.W.2d at 843.

■ The issue of proximate or intervening cause is one for the jury to decide, unless the uncontroverted facts and the inferences to be drawn from them make it so clear that all reasonable men must agree on the outcome. *E.g.*, *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 281 (Tenn.App.1977). The characterization as an intervening cause of the failure to heed a warning is a determination that is particularly for the jury because of the test of foreseeability which is attached to that characterization. *Young v. Reliance Electric Co.*, 584 S.W.2d 663, 669 (Tenn.App. 1979).

The *Restatement (Second) of Torts* (1965) is in accord with the general principles outlined above. Section 447 states, in pertinent part:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted,...."

As to the respective function of the court and jury, § 453 states:

"It is the exclusive function of the court to declare the existence or non-existence of rules which restrict the actor's respon-

sibility short of making him liable for harm which his negligent conduct is a substantial factor in bringing about, and to determine the circumstances to which such rules are applicable."

Comment b to § 453 specifically addresses the application of that section to situations such as the one at bar:

"*b.* If the facts are undisputed, it is usually the duty of the court to apply to them any rule which determines the existence or extent of the negligent actor's liability. If, however, the negligent character of the third person's intervening act or the reasonable foreseeability of its being done (see §§ 447 and 448) is a factor in determining whether the intervening act relieves the actor from liability for his antecedent negligence, and under the undisputed facts there is room for reasonable difference of opinion as to whether such act was negligent or foreseeable, the question should be left to the jury."

Turning to the facts of this case, there is proof that, even though the Honda Express is not designed to carry passengers, there is a flat place where a child passenger can sit and places for a child to put his or her feet. There is evidence that children in the neighborhood where the accident occurred often "doubled" other children on the back of Honda Express motorbikes. There is proof that Brian's parents only gave him permission to double his sister, who was familiar with riding as a passenger on a motorbike. We cannot say, as a matter of law, that it was not reasonably foreseeable that under the circumstances outlined above, a parent would fail to heed the warnings and would allow his child, an experienced motorbike operator, to double his sister on a Honda Express after instructing him on how to drive to ensure that his sister would remain steady on the bike. We also cannot say it was not reasonably foreseeable that a nine-year-old child would fail to heed the warnings. Thus, in our opinion, a genuine issue as to a material fact was made out, and the grant of summary judgment was error. Rule 56, T.R.C.P.

### III

Defendants next contend that the warnings given by them are sufficient, as a matter of law, to foreclose the imposition upon them of liability for plaintiff's injuries.

In support of their contention, the defendants rely in part upon *Restatement (Second) of Torts*, § 402A comment j, which states in pertinent part:

"Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous."

We agree, as we must, that adequate warnings can be relied upon by a manufacturer or seller to escape liability for failure to warn of non-obvious dangers associated with a product. However, we think that the statement quoted above presupposes warnings which are adequate. If it does not, then to that extent we are not persuaded by it. The following observation points out the circularity of the presumption which defendant would have us adopt:

"The Restatement presumption would apply when a warning is actually given and, because it does not take into account whether that warning is adequate, it is in reality meaningless. If an adequate warning is given, there is no liability for failing to provide an adequate warning, and it hardly matters whether that adequate warning was read and heeded." J. Beasley, *Products Liability and the Unreasonably Dangerous Requirement* 439 (1981).

Thus, the question remains as to whether or not the warnings were adequate as a matter of law.

An adequate warning is "one calculated to bring home to a reasonably prudent user of the product the nature and the extent of the danger involved in using the product." *See Trimble v. Irwin*, 59 Tenn.

App. 465, 473, 441 S.W.2d 818, 822 (1968). In formulating their warning, the defendants were required to take into account the fact that the Honda Express was designed and intended for the use of children. *See Henry v. Crook,* 202 A.D. 19, 195 N.Y.S. 642 (1922). *Compare Johnson v. Safeway Stores, Inc.,* 1 Wash.App. 380, 461 P.2d 890 (1969). The adequacy of the warning is a question for the jury unless reasonable minds could agree on the outcome. *See Young v. Reliance Electric Co., supra,* 584 S.W.2d at 668.

We conclude that at this stage of the proceedings there exist genuine issues of fact with respect to (1) the adequacy of the warnings given by the defendants to bring home to a reasonably prudent user of the Honda Express, particularly a young child, the nature and extent of the danger involved in "doubling" passengers on it and (2) whether this vehicle was negligently designed, as asserted in the affidavit filed by the plaintiff.

We do not express any opinion on the merits of these issues other than to hold that the defendants are not entitled to judgment on them as a matter of law at this point.

The judgment of the Court of Appeals reversing the judgment of the trial court is affirmed and this cause is remanded to the trial court for a trial on the merits. Costs incurred upon appeal are taxed against the defendants-appellants.

COOPER, C.J., and HARBISON and DROWOTA, JJ., concur.

FONES, J., filing dissenting opinion.

FONES, Justice, dissenting.

I respectfully dissent.

In my opinion, the warnings given by the manufacturer were adequate as a matter of law and, in addition, I agree with the trial judge's finding that the acts of Brian Hyde, and his parents, in intentionally ignoring those warnings were an efficient, predominant, intervening cause.

I would reverse the judgment of the Court of Appeals and affirm the trial court's action in dismissing this lawsuit.