826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl E. WRIGHT, Plaintiff-Appellant,
v.
T.R. YOUNG, Warden, Defendant-Appellee.
Earl E. WRIGHT, Plaintiff-Appellant,
v.
Tony R. YOUNG, Warden; Patrick Casey, Associate Warden;
J.B. Hurt, S.I.S. Officer; H.H. Engelage, Acting
Captain; J.S. Payne, Case Manager; and
Mr. Franco, Safety Manager,
Defendants-Appellees.
 Nos. 86-6029, 86-6050.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1987.
 
 Before MILBURN and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 I.
 
 2
 These consolidated appeals involve actions filed by plaintiff while incarcerated at the Federal Correctional Institute ("the FCI") in Memphis, Tennessee. The first appeal, case number 86-6029, involves an action brought against the United States pursuant to the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. Sec. 2672, et seq. Plaintiff alleged that on two occasions, August 24, 1983, and April 16, 1984, defendants failed to lock his cell, which resulted in the theft of $346.40 worth of personal property. The district court dismissed the action due to an absence of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).
 
 
 3
 The second appeal, case number 86-6050, involves a civil rights action brought pursuant to 42 U.S.C. Sec. 1983 against federal employees at the FCI. Plaintiff alleged that he was disciplined for refusing to leave administrative segregation and that he was improperly returned to the general prison population where he feared for his life due to bad debts he owed fellow inmates. The district court dismissed the action due to the failure to state a claim on which relief could be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 4
 Having reviewed the records and the briefs filed by the parties, we affirm the dismissal of plaintiff's civil rights action, under review in case number 86-6050, in its entirety. We also affirm the district court's dismissal of that portion of plaintiff's FTCA action, under review in case number 86-6029, arising from his April 16, 1984, claim. However, we vacate the district court's dismissal of that portion of plaintiff's FTCA action, under review in case number 86-6029, arising from his August 26, 1983, claim and remand this aspect of the case to the district court for further proceedings consistent with this opinion.
 
 II.
 A.
 
 5
 With respect to plaintiff's FTCA action, the district court properly dismissed that part of the action arising from the April 16, 1984, claim as untimely. A plaintiff who seeks to recover under the FTCA must bring suit "within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. Sec. 2401(b). Plaintiff received notice of the final denial of his administrative claim on July 13, 1984, but did not file his FTCA action until March 28, 1985. Thus, the district court lacked subject matter jurisdiction to adjudicate this claim. See Sinkfield v. Pope, 578 F.Supp. 1500, 1501 (E.D.Mo.1983); Myszkowski v. United States Government, 553 F.Supp. 66, 68 (N.D.Ill.1982); De Gerena v. United States, 398 F.Supp. 93, 94 (D.P.R.1975).
 
 B.
 
 6
 The district court did, however, err in dismissing that portion of plaintiff's FTCA action arising from the August 26, 1983, claim. The district court did not find the claim untimely; rather, the district court held that the United States, if a private person, would not have been liable to plaintiff because no duty existed under state law and because the thefts resulted from the intervening acts of third parties.
 
 
 7
 The district court concluded that no duty existed because the parties did not stand in a bailment relationship. However, "one who undertakes to act, even though gratuitously, is required to act carefully and with the exercise of due care and will be liable for injuries proximately caused by failure to use such care." Neal v. Bergland, 646 F.2d 1178, 1181-82 (6th Cir.1981), aff'd, 460 U.S. 289 (1983); see also Nidiffer v. Clinchfield R. Co., 600 S.W.2d 242, 246 (Tenn.Ct.App.1980). Plaintiff, by affidavit, claimed that defendants agreed to lock the cells of all prisoners who so requested and that he made such a request. Assuming the truth of plaintiff's claims, defendants were under a duty to act carefully and with due care.
 
 
 8
 Further, this duty was not obviated as a matter of law by the actions of the three inmates who allegedly stole plaintiff's property from the locker in his unlocked cell. For the act of a third person to constitute an exculpatory, intervening act, it must be one that could not have been reasonably anticipated. Evridge v. American Honda Motor Co., 685 S.W.2d 632, 635 (Tenn.1985). The issue of whether a third person's acts are foreseeable is an issue of fact for the jury to determine unless reasonable minds could not differ. Id.
 
 C.
 
 9
 With respect to plaintiff's civil rights action, the district court properly dismissed plaintiff's complaint because it did not contain allegations sufficient to state a cause of action. A plaintiff must plead and prove two elements to establish a right to relief under 42 U.S.C. Sec. 1983: "(1) that he has been deprived of a right 'secured by the Constitution and laws' of the United States; and (2) that the defendant deprived him of this right while acting under color of [state] law." Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 576 (6th Cir.1979) (quoting Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)). Plaintiff did not allege that any federal constitutional or statutory right had been violated. Moreover, because plaintiff's sentence credits had been restored to him and his disciplinary records expunged, no case or controversy existed at the time plaintiff's action was dismissed. See Preiser v. Newkirk, 422 U.S. 395, 401-02 (1975); see also North Carolina v. Rice, 404 U.S. 244, 246 (1971).
 
 III.
 
 10
 Accordingly, the district court's judgment under review in case number 86-6050 is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. The district court's dismissal of plaintiff's April 16, 1984, claim, under review in case number 86-6029, is also affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. The district court's dismissal of plaintiff's August 26, 1983, claim, under review in case number 86-6029, is vacated and remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.