Carrin J. SMITH, Plaintiff,

v.

Officine GUADINO, Defendant.

No. 1:94–CV–218.

United States District Court, E.D. Tennessee.

Jan. 8, 1996.

---

Bruce H. Guthrie, II, Sorrick, Guthrie & Guthrie, Chattanooga, TN, Michael A. Anderson, Horton, Maddox & Anderson, Chattanooga, TN, for plaintiff.

John M. Lawhorn, Frantz, McConnell & Seymour, Knoxville, TN, Frank J. Ciano, Pino & Associates, White Plains, NY, for defendant.

Charles W. Dooley, Wesley R. Kliner, Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napo, Chattanooga, TN, for Shaw Industries, Inc.

### MEMORANDUM AND ORDER

COLLIER, District Judge.

Before the Court is Motion for Summary Judgment filed by Defendant Officine Guadino (Court File No. 24). This is a products liability action based upon Tennessee law in which Plaintiff Carrin J. Smith ("Smith") alleges she sustained personal injuries when her hair became caught in a rotating gear of a piece of machinery manufactured by Officine Guadino. By Order of the Court, Shaw Industries, Incorporated ("Shaw") entered the case as an Intervening Plaintiff (Court File No. 5). Smith brought the action under theories of strict liability and negligence (*See* Court File No. 1). Essentially, Smith first argues Officine Guadino's product was defective or unreasonably dangerous and, second, Officine Guadino failed to adequately warn about the dangers of the product. For the following reasons, the Court will DENY the motion for summary judgment. This action will proceed to a trial on the merits at *9:00 AM on Monday, January 22, 1996.* There will be a final pre-trial conference *at 4:00 PM on Friday, January 12, 1996.*

## I. STANDARD OF REVIEW

 Under Fed.R.Civ.P. 56(c), the Court will render summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists, *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir.1994); *Kentucky Div., Horsemen's Benev. & Prot. Assoc., Inc. v. Turfway Park Racing Assoc., Inc.,* 20 F.3d 1406, 1411 (6th Cir.1994), and the Court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Oakland Gin Co., Inc. v. Marlow,* 44 F.3d 426, 429 (6th Cir. 1995); *City Management Corp. v. U.S. Chemical Co., Inc.,* 43 F.3d 244, 250 (6th Cir.1994). Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Lansing Dairy,* 39 F.3d at 1347; *Horsemen's Benev.,* 20 F.3d at 1411. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53.

 The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435–36 (6th Cir.1987). The standard for summary judgment mirrors the standard for directed verdict. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes that a fair-minded jury could *not* return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.; Lansing Dairy,* 39 F.3d at 1347; *Horsemen's Benev.,* 20 F.3d at 1411.

## II. ANALYSIS

 Under Tennessee law, regardless of the legal theory upon which a plaintiff relies in a products liability action, the plaintiff must prove the product was either in a "defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." *Tenn.Code Ann.* § 29–28–105(a) (1980); *see also Fulton v. Pfizer Hosp. Products Group, Inc.,* 872 S.W.2d 908, 911 (Tenn.Ct.App.1993), *citing Higgs v. General Motors Corp.,* 655 F.Supp. 22, 23 (E.D.Tenn. 1985); *Browder v. Pettigrew,* 541 S.W.2d 402, 404 (Tenn.1976). "Defective condition" is defined as "a condition of a product that renders it unsafe for normal or anticipatable handling and consumption." *Tenn.Code Ann.* § 29–28–102(2) (1980). "Unreasonably dangerous" means that

> a product is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller assuming that he knew of its dangerous condition.

*Tenn.Code Ann.* § 29–28–102(8).

 "A product is not unreasonably dangerous because of its failure to adequately warn of a danger or hazard that is apparent to the ordinary user." *Tenn.Code Ann.* § 29–28–105(d). To determine whether a product was defective or unreasonably dangerous because of a failure to adequately warn, courts use an objective standard, *i.e.,* "the knowledge and experience of the ordinary consumer of the product, rather than a

particular plaintiff." *Memphis Bank & Trust v. Water Services,* 758 S.W.2d 525, 528 (Tenn.1988), *citing Pemberton v. American Distilled Spirits Co.,* 664 S.W.2d 690 (Tenn. 1984). Usually, whether a warning is adequate is a question for the jury unless reasonable minds could not disagree on the outcome. *Hurt v. Coyne Cylinder Co.,* 956 F.2d 1319, 1329 (6th Cir.1992) (applying Tennessee law).

To be considered adequate, a warning must be "one calculated to bring home to a reasonably prudent user of the product the nature and the extent of the danger involved in using the product." *Id., quoting Evridge v. American Honda Motor Corp.,* 685 S.W.2d 632, 636 (Tenn.1985). To demonstrate an inadequate warning, a plaintiff must "establish the product is unreasonably dangerous by reason of defective warning and ... must prove that the inadequate labelling proximately caused the claimed injury." *Hurt,* 956 F.2d at 1329.

Plaintiffs raised a genuine issue of material fact as to the adequacy of the warning about this product. Officine Guadino claims Smith understood she needed to be careful "around the whole machine" (Court File No. 37, p. 2, *citing* Court File No. 29, Smith Depo. pp. 33, 48). A complete reading of the cited deposition pages reveals Smith *did not* recognize the part of the product that caught her hair presented a hazard (*See* Court File No. 29, Smith Depo. pp. 39–41, 47–8). Secondly, Defendant argues Shaw's safety regulations manual emphasized the general hazard missing guards from machinery presented (Court File No. 37, p. 3). Smith contends the product itself did not have a specific warning and she would have been inclined to heed such a warning had one been present (Court File No. 36, Smith Depo. pp. 52, 54, 65–6). Thirdly, Officine Guadino argues Smith knew before her injury the "worm screw" did not have a cover on it (Court File No. 37, p. 3). Smith claims she did not know the worm screw, even if uncovered, presented a danger (Court File No. 36, pp. 27, 48).

In addition, the Court finds a genuine issue of fact as to the understood purpose of the covering for the worm screw. Defendant adduced general evidence of its protective nature (Court File No. 26, Switalski Aff. ¶¶ 6, 9). Officine Guadino also introduced evidence of Shaw employee Richard Mashburn's belief that the alleged accident would not have occurred had the cover been on the worm screw (Court File No. 25, p. 10–11, *citing* Mashburn Depo. p. 27). Recognition of a possible purpose of the cover *after the fact,* though, is different than an understanding beforehand. Moreover, Plaintiffs proffer testimony from two Shaw employees demonstrating a belief the cover primarily served as a dust cover or a cover to otherwise keep debris from the worm screw (*See* Court File No. 38, p. 2).

At this stage of the litigation, the Court finds Plaintiffs met their burden of establishing the existence of genuine issues of material fact. Accordingly, the Court will DENY the motion for summary judgment filed by Officine Guadino (Court File No. 24). This matter will proceed to a trial on the merits *at 9:00 AM on Monday, January 22, 1996.* There will be a final pre-trial conference *at 4:00 PM on Friday, January 12, 1996.*

**SO ORDERED.**