IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 7, 2007 Session

## ROBERT JOSEPH MULLINS v. BOBBY REDMON, ET AL.

**A Direct Appeal from the Circuit Court for McNairy County**
**No. 5407      The Honorable Weber McCraw, Judge**

**No. W2007-00616-COA-R3-CV - Filed December 19, 2007**

Plaintiff/Appellant, a student of McNairy County School District, filed a complaint for negligence against the Defendant/Appellee School District for injuries arising from an accident that occurred while the student was engaged in a work-based learning program. Finding that the actions of the School District did not cause the accident, the trial court granted summary judgment in favor of the School District. The student appeals. We affirm and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S. and HOLLY M. KIRBY, J., joined.

Joseph R. Taggart of Jackson, Tennessee for Appellant, Robert Joseph Mullins

Charles M. Purcell of Jackson, Tennessee for McNairy County School District

John D. Richardson and Teresa A. Boyd, Memphis, Tennessee, for Bobby Redmon, Individually, and d/b/a R & R Truck Sales, and Anthony Pickens

**OPINION**

The material facts of this case are undisputed. Robert Joseph Mullins ("Plaintiff," or "Appellant"), a seventeen-year-old senior at McNairy Central High School, was voluntarily enrolled in the school's work-based learning program ("WBLP") during the 2003-2004 academic year. Mr. Mullins participated in the WBLP under the supervision of Kathy Finlayson, a teacher with the McNairy County School District ("School District," "Defendant," or "Appellee"). In conjunction with his participation in the WBLP, Mr. Mullins was employed by R & R Truck Repair and Sales ("R & R"), which is owned and operated by Mr. Bobby Redmon.

On May 12, 2004, Mr. Mullins was working at R & R. That day, he was instructed by Mr. Redmon to assist Anthony Pickens with performing maintenance on a commercial truck. As Mr. Pickens was moving the truck into the shop bay, the brakes failed. Mr. Mullins was pinned between the truck and the bumper of another vehicle. As a result of this accident, Mr. Mullins suffered

catastrophic injury to his lower extremities, including a lower extremity amputation and severe pelvic crush.

On May 3, 2005, Mr. Mullins filed a Complaint against Bobby Redmon, individually and d/b/a R & R Sales, Anthony Pickens, and the McNairy County School District. The present appeal involves only the grant of summary judgment in favor of the School District, and the School District is the sole Appellant herein. In his Complaint, Mr. Mullins asserts negligence on the part of the School District. Specifically, Mr. Mullins contends that the School District "failed to adequately supervise [Mr. Mullins] during his participation in the [WBLP,] and [failed to] enforce the implementation and use of safety equipment and measures...and [failed] to warn [Mr. Mullins] of the unsafe conditions that existed at R & R...." On July 7, 2005, the School District filed a Tenn. R. Civ. P. 12.02 Motion to Dismiss for failure to state a claim. Specifically, the School District asserts that any breach of duty on its part was not the cause-in-fact of Mr. Mullins's injuries. Because the trial court considered evidence outside the pleadings, the motion to dismiss proceeded as a motion for summary judgment. *See* Tenn. R. Civ. P. 12.02. By Order of February 9, 2007, the trial court granted summary judgment in favor of the School District. Pursuant to Tenn. R. Civ. P. 54.02, the Order was made final for purposes of appeal. Mr. Mullins filed a timely notice of appeal, and raises one issue for review as stated in his brief:

> Whether or not the McNairy County School District could reasonably foresee the risk of serious injury arising from Joey Mullins' work duties at R & R Truck Sales as part of the School District's Work-Based Learning Program.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The moving party for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. ***See Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. ***See id.*** In ***Byrd v. Hall***, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

***Id***. at 210-11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *See Bain*, 926 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

In order to bring a successful suit based on a claim of negligence, the plaintiff must establish: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn.1993) (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn.1991); *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 858 (Tenn.1985)).

Causation, or cause in fact, means that the injury or harm would not have occurred "but for" the defendant's negligent conduct. *See Caldwell v. Ford Motor Co.*, 619 S.W.2d 534, 543 (Tenn.App.1981). Once it is established that the defendant's negligent conduct was, in point of fact, the actual cause of the plaintiff's injury or harm, the focus then becomes whether the policy of the law will extend responsibility for that negligent conduct to the consequences that have occurred. As this Court stated in *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173 (Tenn.1992), "legal responsibility must be limited to those causes which are so closely connected with the result and are of such significance that the law is justified in imposing liability. Some boundary must be set...." *Doe*, 845 S.W.2d at 181 (quoting Prosser and Keeton, *The Law of Torts* 264 (5th ed. 1984)).[1]

---

[1] Concerning the distinction between cause-in-fact and proximate cause, our Supreme Court has explained that:

> Causation and proximate cause are distinct elements of negligence, and both must be proven by the plaintiff by a preponderance of the evidence. *Bradshaw* [*v. Daniel*], 854 S.W.2d at 869; *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn.1991); *Smith v. Gore*, 728 S.W.2d 738, 749 (Tenn.1987). "Causation (or cause in fact) is a very different concept from that of proximate cause. Causation refers to the cause and effect relationship between the tortious conduct and the injury. The doctrine of proximate cause encompasses the whole panoply of rules that may deny liability for otherwise actionable causes of harm." King, *Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Injuries and Future Consequences*, 90 Yale L.J. 1353, 1355 n. 7 (1981). Thus, proximate cause, or legal cause, concerns a determination of whether legal liability should be imposed where cause in fact has been established. *McKellips v. Saint Francis Hosp.*, 741 P.2d 467 (Okl.1987). "Cause in fact, on the other hand, deals with the 'but for' consequences of an act. 'The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct.'" *Id*. at 470 (quoting Prosser and Keeton, *The Law of Torts* 266 (5th ed. 1984)).

*Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993).

In *McClenahan v. Cooley*, 806 S.W.2d 767 (Tenn.1991), our Supreme Court set out a three-pronged test for proximate cause, to wit: (1) the defendant's conduct must have been a substantial factor in bringing about the harm complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence. *Id.* at 775.

The foreseeability requirement is not so strict as to require the tortfeasor to foresee the exact manner in which the injury takes place, provided it is determined that the tortfeasor could foresee, or through the exercise of reasonable diligence should have foreseen, the general manner in which the injury or loss occurred. *Roberts v. Robertson County Bd. of Ed.*, 692 S.W.2d 863, 871 (Tenn. Ct. App. 1985); *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 280-81 (Tenn. Ct. App.1977). "The fact that an accident may be freakish does not *per se* make it unpredictable or unforeseen." *City of Elizabethton v. Sluder*, 534 S.W.2d 115, 117 (Tenn.1976). It is sufficient that harm in the abstract could reasonably be foreseen. *Shell Oil Co. v. Blanks*, 330 S.W.2d 569, 572 (Tenn. Ct. App. 1959). Finally, proximate causation is a jury question unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome. *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991).

With respect to superseding intervening causes that might break the chain of proximate causation, the rule is established that it is not necessary that tortfeasors or concurrent forces act in concert, or that there be a joint operation or a union of act or intent, in order for the negligence of each to be regarded as the proximate cause of the injuries, thereby rendering all tortfeasors liable. *See Cartwright v. Graves*, 184 S.W.2d 373, 381 (Tenn. 1944). There is no requirement that a cause, to be regarded as the proximate cause of an injury, be the sole cause, the last act, or the one nearest to the injury, provided it is a substantial factor in producing the end result. *Lancaster v. Montesi*, 390 S.W.2d 217, 221 (Tenn. 1965); *Roberts* at 871. An intervening act, which is a normal response created by negligence, is not a superseding, intervening cause so as to relieve the original wrongdoer of liability, provided the intervening act could have reasonably been foreseen and the conduct was a substantial factor in bringing about the harm. *Solomon v. Hall*, 767 S.W.2d 158, 161 (Tenn. Ct. App.1988). "An intervening act will not exculpate the original wrongdoer unless it appears that the negligent intervening act could not have been reasonably anticipated." *Evridge v. American Honda Motor Co.*, 685 S.W.2d 632, 635 (Tenn.1985).

The critical issue in this case is whether Mr. Mullins has failed, as a matter of law, to establish the existence of causation, i.e., that the purported breach of duty on the part of the School District actually caused the harm complained of. This question dominates because the rule requiring causation be proven by a preponderance of the evidence dictates that plaintiffs must demonstrate that the negligence more likely than not caused the injury. *Lindsey v. Miami Dev. Corp*., 689 S.W.2d 856, 861 (Tenn.1985) ("[p]laintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result."). To be sure, the mere occurrence of an injury does not prove negligence, and an admittedly negligent act does not necessarily entail liability. *Doe*, 845 S.W.2d at 181. Even when it is shown

that the defendant breached a duty of care owed to the plaintiff, the plaintiff must still establish the requisite causal connection between the defendant's conduct and the plaintiff's injury. *Id*. ("Proof of negligence without proof of causation is nothing").

Turning to the case at bar, we must determine whether Mr. Mullins has proven that the School District's negligence caused injuries that would not otherwise have occurred. Mr. Mullins must introduce evidence that affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the School District was a cause in fact of the accident. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant. *Kilpatrick*, 868 S.W.2d at 602. Thus, proof of causation equating to a "possibility," a "might have," "may have," or "could have," is not sufficient, as a matter of law, to establish the required nexus between the plaintiff's injury and the defendant's tortious conduct by a preponderance of the evidence. *Id.*

In order for the School District to be liable for failing to properly supervise Mr. Mullins, it must be established that the School District should have reasonably foreseen or anticipated that Mr. Mullins would be at risk of the injuries complained about. *See, e.g., Mason v. Metro. Gov't of Nashville*, 189 S.W.3d 217, 222 (Tenn. Ct. App. 2005), perm. to appeal denied, (Tenn. 2006). However, as discussed above, the foreseeability requirement does not require that the School District foresee the exact manner in which the injury takes place, provided it is determined that the School District could foresee, or through the exercise of reasonable diligence should have foreseen, the general manner in which the injury or loss occurred. *McClenahan v.. Cooley*, 806 S.W.2d 767, 775 (Tenn.1991) (citing *Roberts v. Robertson County Bd. of Educ*., 692 S.W.2d 863, 871 (Tenn.Ct.App.1985)).

It is undisputed that the act that immediately caused Mr. Mullins' injuries was the failure of the brakes on the equipment being driven by Mr. Pickens. From the testimony in record, it appears that the brake failure was a sudden event. Mr. Pickens testifies that the truck manifested no indication that the brakes were going to fail prior to the actual failure. Mr. Mullins testifies that he believed that Mr. Pickens, according to the usual custom, would park the tractor-truck outside the work bay, and that the brake failure "was a surprise to both [himself and Mr. Pickens]. Mr. Pickens further states that, even if someone had been sitting in the cab of the truck with him, they could not have stopped the accident. Although it appears from the record that even those closest in proximity to the accident could not and, in fact, did not foresee its occurrence, Mr. Mullins seeks to contribute fault for the accident upon the School District for the actions, or inactions, of its agent, Kathy Findlayson. Specifically, Mr. Mullins asserts that Ms. Findlayson lacked knowledge of the dangerous types of work done by Mr. Mullins during his tenure at R & R. Despite Mr. Mullins' assertion, the record (and, in particular, the deposition testimony of Ms. Findlayson) indicates that she spoke with Mr. Mullins almost every day concerning the jobs he was performing at R & R. By her own testimony, Ms. Findlayson "had a fairly good understanding of the work activities" performed by Mr. Mullins. In addition, the record indicates that Ms. Findlayson's investigation into Mr. Mullins' proposed employment, prior to his acceptance into the WBLP, determined that Mr.

Mullins would be working as a "parts technician," and that he would primarily be responsible for finding parts and assisting employees in general repair work. Mr. Mullins cites to his WBLP diary entry indicating that, on one day, he "dropped 2 trans" as evidence that the School District was on notice that he was working in an unsafe environment. Even if we assume, *arguendo*, that this entry put Ms. Findlayson on notice that Mr. Mullins was exceeding the scope of his employment at R & R, we cannot carry the assumption so far as to conclude that knowledge of a deviation from the original job description, *ipso facto,* proves that the accident that actually occurred was foreseeable on the part of the School District. The record is undisputed that, at the time of the accident, Mr. Mullins was merely standing in the service bay. There is no indication that he was working on a transmission, or that he was otherwise engaged in any inherently dangerous activity at that time.

Furthermore, even if we assume, *arguendo*, that Ms. Findlayson, acting on behalf of the School District, breached some supervisory duty owed to Mr. Mullins, to find that this breach was the cause of Mr. Mullins' injuries would be an exercise in conjecture. As discussed above, proof of causation equating to a "possibility," a "might have," "may have," or "could have," is not sufficient, as a matter of law, to establish the required nexus between the plaintiff's injury and the defendant's tortious conduct by a preponderance of the evidence. ***Kilpatrick v. Bryant***, 868 S.W.2d 594, 602 (Tenn. 1993). Consequently, as significant and tragic as the injuries to Mr. Mullins are, the evidence in record leads only to the conclusion that this accident was not foreseeable on the part of the School District.

For the foregoing reasons, we affirm the Order of the trial court granting summary judgment in favor of the McNairy County School District. We remand the case for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed against the Appellant, Robert Joseph Mullins, and his surety.

_____
W. FRANK CRAWFORD, JUDGE