Plaintiff, a minor, was injured while riding as a passenger on a Honda motorcycle. He, by and through his mother as best friend, and his mother, individually, sued American Honda Motor Company, the manufacturer, and Longshore Cycle Center, the dealer, claiming that the motorcycle was defectively manufactured and that American Honda and Longshore failed to adequately warn him of the dangers of riding the motorcycle as a passenger. The trial *Page 360 
court granted the defendants' motion for summary judgment. We affirm.
On June 3, 1984, John Gurley was riding as a passenger on a Honda XL100S motorcycle, which was owned and operated by Dan Bevis, Jr. As Bevis and Gurley went over a set of railroad tracks on a city street in Sheffield, they hit a bump which caused Gurley's right leg to bounce backward; the leg became caught between the motorcycle's rear tire and the fender/muffler assembly, causing him to suffer burns and abrasions to his foot. At the time of the accident, both Gurley and Bevis were 14 years of age.
The motorcycle involved in this accident was a 1983 model Honda XL100S. This vehicle was designed for "dual purpose" on-road/off-road use. It was purchased from Longshore Cycle Center by Dan Bevis, Jr., approximately two weeks prior to the accident in question and was sold by Longshore exactly as it had come to it from American Honda. The gas tank had a decal affixed to it which read: "WARNING — OPERATOR ONLY — NO PASSENGERS." Another decal affixed to the gas tank read: "Remember: Preserve Nature/Always Wear Helmet/Ride Safely/Read Owner's Manual Carefully Before Riding." The inside front cover of the owner's manual read as follows:
"IMPORTANT NOTICE. OPERATOR ONLY. NO PASSENGERS.
 "This motorcycle is designed and constructed as an operator-only model. The seating configuration does not safely permit the carrying of a passenger."
Bevis received the owner's manual, but did not read it or the warning on the inside front cover.
Bevis testified, in deposition, that he had read and understood the warnings on the gas tank. He had even informed Gurley that the motorcycle was built for only one rider. Gurley had operated this particular motorcycle by himself at least one week prior to the accident. Despite these warnings, Gurley and Bevis rode double on the motorcycle.
Summary judgment is proper when the pleadings and affidavits submitted by the movant show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; BonSecour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala. 1981). If a scintilla of evidence exists which supports the position of the party against whom the motion for summary judgment is made, summary judgment may not be granted. HaroldBrown Builders, Inc. v. Jordan Co., 401 So.2d 36 (Ala. 1981).
Plaintiffs contend that the Tennessee case of Evridge v.American Honda Motor Co., 685 S.W.2d 632 (Tenn. 1985), controls this case. In Evridge, the Tennessee Supreme Court construed a similar "Operator Only/No Passenger" warning, and reversed the trial court's grant of summary judgment. Even assuming we should otherwise follow the reasoning of the Tennessee court, the facts in Evridge can be distinguished from the facts in this case. In Evridge, the motorcycle was a Honda Express, not a Honda XL100S. The motorcycles are not similar in design or appearance. The Honda Express is what is commonly called a "moped." The Honda XL100S is a street and trail bike. The only things the two have in common are that they are both designed for one rider and each has a warning sticker to that effect on the gas tank. In addition, the Honda Express has a chain guard and a muffler guard "which [are] flat enough to be used as foot rests for a passenger seated on the luggage rack." Evridge v.American Honda Motor Co., at 634. The Honda XL100S has no place for a passenger to put his feet. The Honda Express inEvridge was bought used, and the purchasers were given no owner's manual. Because of these differences, we are of the opinion that the Evridge case, even if it correctly states the law, does not control this case.
Plaintiffs contend that American Honda and Longshore failed to warn, or to adequately warn, John Gurley of dangers associated with riding passengers on the Honda XL100S motorcycle. *Page 361 
It is well settled law that in order to make out a prima facie case of negligent failure to give adequate warning, the plaintiff must provide at least a scintilla of evidence that defendant breached a duty, and that the breach proximately caused plaintiff's injury. E.R. Squibb Sons, Inc. v. Cox,477 So.2d 963 (Ala. 1985). A manufacturer is under a duty to warn users of the dangerous propensities of a product only when such products are dangerous when put to their intended use. McCalebv. Mackey Paint Mfg. Co., 343 So.2d 511 (Ala. 1977). It is also well settled that a manufacturer is under no duty to warn a user of every danger which may exist during the use of the product, especially when such danger is open and obvious.General Electric Co. v. Mack, 375 So.2d 452 (Ala. 1979). The objective of placing a duty to warn on the manufacturer of a product is to acquaint the user with a danger of which he is not aware, and there is no duty to warn when the danger is obvious. Ford Motor Co. v. Rodgers, 337 So.2d 736 (Ala. 1976).
The Honda XL100S was designed as a one-person-only vehicle. Its small size, its lack of rear foot pegs, and its gas tank label stating "WARNING — OPERATOR ONLY — NO PASSENGER," as well as the owner's manual, make it clear that the XL100S was designed as an "operator only" vehicle. It is thus clear that the practice of riding double is an unintended use of this motorcycle. In this case, it is undisputed that John Gurley was riding as a passenger on the Honda XL100S, a motorcycle clearly not intended to carry passengers, and that at the time of the accident he was riding with his feet in an extended position out away from the motorcycle, because there was nothing even remotely designed as a footrest.
The element of proximate cause is essential to the plaintiff's prima facie case of negligent failure to adequately warn. A negligent-failure-to-adequately-warn case cannot be submitted to a jury unless there is some evidence that the allegedly inadequate warning would have been read and heeded and would have kept the accident from occurring. E.R. Squibb Sons, Inc. v. Cox, 477 So.2d 963 (Ala. 1985).
Given the undisputed facts of this accident, we are also of the opinion that the warnings provided by American Honda and Longshore on the motorcycle and in the owner's manual were adequate, as a matter of law.
Where a warning is necessary, the warning need only be one that is reasonable under the circumstances and it need not be the best possible warning. There is no duty to warn of every potential danger or to explain the scientific rationale for each warning, but only a duty to warn of those dangers which the owner or user would not be aware of under the particular circumstances of his use of the product in question. Levin v.Walter Kidde Co., 251 Md. 560, 248 A.2d 151 (1968); GeneralElectric Co. v. Mack, supra.
American Honda and Longshore discharged their duty to warn in this case by placing the label reading "WARNING — OPERATOR ONLY — NO PASSENGERS" on top of the Honda XL100S's fuel tank, where it was clearly visible at the time of the accident. The owner's manual prominently displayed the warning "OPERATOR ONLY. NO PASSENGERS." This manual was provided by Longshore at the time of purchase and was received by the owner, Dan Bevis. Here, it is also undisputed that John Gurley had operated this motorcycle by himself at least one week prior to the accident in question, and Dan Bevis testified that he knew and understood that the motorcycle was built as an operator-only model and had informed John Gurley of this fact prior to the accident.
The plaintiffs argue that the seat of this motorcycle was large enough for two persons, thereby inviting the practice of riding double. We are of the opinion that this argument is without merit. This motorcycle was designed as a multi-purpose on-road/off-road vehicle. For the anticipated off-road use, the operator's seat must be large enough to allow shifting of the operator's weight from front to back, compensating for rough and uneven conditions. *Page 362 
Any product when misused could be dangerous, but we are of the opinion that the manufacturer cannot be held to absolute liability. Clearly the dangers of the practice which caused this accident (riding double) are obvious.
The plaintiffs also contend that American Honda and Longshore breached a duty imposed by § 32-5A-244(a), Code 1975, which requires that any motorcycle carrying a passenger be equipped with footrests for the passenger. The plaintiffs submit no authority in support of this theory. Furthermore, §32-5A-241(a) states:
 "A person operating a motorcycle shall ride only upon the permanent and regular seat attached thereto, and such operator shall not carry any other person nor shall any other person ride on a motorcycle unless such motorcycle is designed to carry more than one person. . . ." (Emphasis supplied.)
Because the Honda XL100S was not designed for passengers, it is clear that it was not required that the motorcycle be equipped with rear footrests.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.