GERALD F. CRAMER, Individually and as Parent and Natural Guardian of JASON CRAMER, an Infant, Appellant, v TOLEDO SCALE CO., INC., et al., Respondents. (Appeal No. 1.)—

In October 1980, plaintiff commenced this action alleging causes of action in negligence, strict products liability and breach of warranty. In February 1988, defendants moved for summary judgment dismissing plaintiff's claims based upon allegations of failure to warn, and in August 1988, defendants moved to dismiss plaintiff's causes of action in negligence and strict products liability "to the extent they assert a claim of manufacturing defect." Supreme Court granted both motions, and we affirm.

A manufacturer of a product can be held liable for failing to "provide adequate warnings regarding the use of the product" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107; *see also, Sukljian v Ross & Son Co.*, 69 NY2d 89, 94; *Torrogrossa v Towmotor Co.*, 44 NY2d 709, 711) if it is established that defendant's failure to warn is the proximate cause of plaintiff's injury (*Belling v Haugh's Pools*, 126 AD2d 958, 959, *lv denied* 70 NY2d 602). Adequate warnings must be given concerning dangers inherent in the contemplated use or reasonably foreseeable misuse of the product (*Trivino v Jamesway Corp.*, 148 AD2d 851, 852, citing *McLaughlin v Mine Safety Appliances Co.*, 11 NY2d 62; *Howard Stores Corp. v Pope*, 1 NY2d 110; *see also, Miller v Anetsberger Bros.*, 124 AD2d 1057).

In support of the claim of failure to warn, plaintiff asserts that defendants should have equipped the grinder with a "power-on" light and should have placed a written or visual warning on the grinder to alert a user of the danger of inserting one's hand into its feed chute. The record demonstrates, however, that the absence of a "power-on" light

neither caused nor contributed to Jason's injuries. Jason testified that he knew that the meat grinder was on when the injury occurred. Additionally, it cannot be said that an eight-year-old boy is a reasonably foreseeable user of a meat grinder which was manufactured and distributed for commercial use. Thus the manufacturer had no duty to provide warnings designed to alert a minor child of dangers inherent in the product's use. Nor can it be found that any failure to warn Jason's parents caused or contributed to Jason's injury. "[T]here is no necessity to warn a customer already aware—through common knowledge or learning—of a specific hazard" (*Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65). It is clear from the record that the adults present at the time of Jason's injury were fully aware of the dangers inherent in the use of the meat grinder. They were in the best position to provide warnings to Jason, and the record demonstrates that they did. It follows, therefore, that Supreme Court properly dismissed the causes of action premised upon defendants' failure to warn.

The court also correctly dismissed plaintiff's cause of action premised upon a claimed manufacturing defect. The essence of such a claim is that a product did not perform as intended because it was misconstructed (*Opera v Hyva, Inc.,* 86 AD2d 373, 377). Plaintiff contends that the meat grinder was powered by a three-quarter-horsepower motor when it should have been powered by a one-half-horsepower motor. The record establishes, however, that defendant Toledo Scale Co. intended to produce, and purposely produced, this model meat grinder with the larger motor. Thus, while plaintiff's allegation may bear relationship to a design defect claim, it provides no support for a claim that the grinder was defectively manufactured (*see, Opera v Hyva, Inc., supra*). (Appeal from order of Supreme Court, Niagara County, Koshian, J.—summary judgment.) Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.