William H. CAMPBELL and Linda D. Campbell, Plaintiffs,

v.

ROBERT BOSCH POWER TOOL CORPORATION, etc., Defendant.

Civ. A. No. 90–T–1018–N.

United States District Court, M.D. Alabama, N.D.

Feb. 24, 1992.

Griffin Sikes, Jr., Barry E. Teague, Montgomery, Ala., for plaintiffs.

James B. Carlson, Birmingham, Ala., for Bosch.

## ORDER

MYRON H. THOMPSON, Chief Judge.

In this products liability action, plaintiffs William H. Campbell and Linda D. Campbell have sued for damages arising out of injuries Mr. Campbell suffered while using a grinder disc sold by defendant Robert Bosch Power Tool Corporation. This cause is before the court on the Campbells' renewed motion seeking partial summary judgment on Bosch's affirmative defenses of product misuse and assumption of the risk. For the reasons given below, the motion should be granted as to the defense of misuse and denied as to the defense of assumption of the risk.

### I. BACKGROUND

Mr. Campbell was injured when the Bosch disc, which was affixed to the electrically powered sanding and grinding tool he was using, fractured into several pieces, one of which struck him in the eye. Although the disc bore a label instructing operators to "use guards and goggles," Campbell had removed the wheel guard with which the tool was equipped, and he was not wearing eye protection at the time of his injury. Campbell charges Bosch with failure to warn based upon the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), claiming that the disc's label did not provide an adequate warning of the dangers of not using guards and goggles while operating the sanding and grinding tool. He also asserts claims for breach of warranty and wantonness. Mr. Campbell seeks compensatory and punitive damages, and Mrs. Campbell, relying on Mr. Campbell's claims, seeks damages for loss of consortium. Bosch has responded to the Campbells' failure-to-warn claim with several defenses, two of which are the affirmative defenses of product misuse and assumption of the risk. The Campbells now move for partial summary judgment, arguing that Bosch has

failed to generate a triable issue of fact concerning either of these two defenses.

## II. SUMMARY JUDGMENT STANDARD

 Rule 56(d) of the Federal Rules of Civil Procedure provides that partial summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment on a particular claim or defense as a matter of law. This standard can be met by a moving party, in a case in which the ultimate burden of persuasion at trial rests on the non-moving party, either by submitting affirmative evidence negating an essential element of the non-movant's claim, or by demonstrating that the non-moving party's evidence itself is insufficient to establish an essential element of his or her claim. The movant may make this showing by deposing the non-moving party's witnesses, by establishing the inadequacy of the documentary evidence or, if there is no evidence, by reviewing for the court the facts that exist to show why they do not support a judgment for the non-moving party. The movant need not present affidavits or new evidence of its own to meet its initial burden, but may premise its summary judgment motion on an attack on the opponent's evidence; once that is done, the burden shifts to the non-moving party to call evidence to the attention of the court to dispute that contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Moreover, a district court must consider, as this court has done, "all the evidence in the light most favorable to the non-moving party ... and resolve all reasonable doubts in favor of the non-moving party," *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990); *see also Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and, because the court's jurisdiction is based on diversity of citizenship, the court must apply the law of the forum state. *Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## III. THE CAMPBELLS' FAILURE-TO-WARN CLAIM

 The Campbells' failure-to-warn claim is predicated on the AEMLD. In order to recover, a plaintiff must demonstrate that the defendant manufactured, designed, or sold a defective product which, because of its unreasonably unsafe condition, injured the plaintiff or damaged the plaintiff's property when the product was put to its intended or customary use without substantial alteration. *Dennis v. American Honda Motor Co.*, 585 So.2d 1336, 1338 (Ala.1991). This doctrine, although similar to the concept of strict liability under § 402A, Restatement (Second) of Torts, rejects the no-fault aspect of § 402A. Under the doctrine, the manufacturer or seller is negligent, and thus at fault, as a matter of law in placing an unreasonably unsafe product on the market. *American Honda*, 585 So.2d at 1338–39; *McCaleb v. Mackey Paint Mfg. Co.*, 343 So.2d 511, 514 (Ala.1977).

 A plaintiff may bring an AEMLD action by alleging that a product was either inadequately designed or defectively manufactured. Furthermore, as the Campbells assert in this case, a product may be inherently dangerous when used in its customary manner even though it is not "defective" in the usual sense of the word. In such cases, the AEMLD imposes on the manufacturer and seller a duty to warn of such dangers. As the Alabama Supreme Court has explained,

> "if a manufacturer or seller places goods on the market that are imminently dangerous when put to their intended purpose and the defendant knows or should know that the goods can create danger when used in their customary manner, the defendant must exercise reasonable diligence to make such danger known to the persons likely to be injured by the product."

*King v. S.R. Smith, Inc.*, 578 So.2d 1285, 1287 (Ala.1991). *See also Outlaw v. Firestone Tire & Rubber Co.*, 770 F.2d 1012, 1014 (11th Cir.1985); *Caudle v. Patridge*, 566 So.2d 244, 247 (Ala.1990); *Stone v. Smith, Kline & French Lab.*, 447 So.2d

1301 (Ala.1984); *Atkins v. American Motors Corp.*, 335 So.2d 134, 147 (Ala.1976). Therefore, under the AEMLD, when the manufacturer or seller has a duty to warn adequately, a product sold without such warning is in a defective condition just as if the product were defectively designed or manufactured; this duty to warn applies, however, only to the extent the product is dangerous when put to its intended or customary use without substantial alteration.

■ In conclusion, to establish a failure-to-warn claim, a plaintiff must demonstrate at trial that: (1) the defendant was under a duty to warn the plaintiff regarding the product-in-question's danger when used in its intended or customary manner, (2) the warning the defendant provided breached that duty because it was inadequate, and (3) the breach proximately caused the plaintiff's injuries. Here, the Campbells must therefore show that: Bosch was under a duty to warn Mr. Campbell to use eye protection and a guard, the warning Bosch provided breached that duty because it was inadequate, and the breach proximately caused Mr. Campbell's injuries.

To establish the defendant's duty to warn, the plaintiff must prove that: (1) the defendant placed the product in question on the market, (2) the product was substantially unaltered when the plaintiff used it, (3) the product was imminently dangerous when put to its intended or customary purpose, and (4) the defendant knew or should have known that the product could create a danger when used in its intended or customary manner. Here the Campbells must therefore further show that: Bosch placed the disc on the market, the disc was substantially unaltered when Mr. Campbell used it, the disc was imminently dangerous when put to its intended or customary purpose, and Bosch knew or should have known that the product could create a danger when used in its intended or customary manner.

## IV. BOSCH'S AFFIRMATIVE DEFENSES

In defending this AEMLD action, Bosch not only denies that the elements necessary to establish a failure-to-warn claim are present, the company also asserts certain affirmative defenses for which, of course, it bears the burden of establishing at trial. *Atkins*, 335 So.2d at 143. As stated, the Campbells contend that they are entitled to summary judgment on two of these defenses: misuse of the product and assumption of the risk.

### A. Product Misuse

Alabama case law on the affirmative defense of product misuse is not only recent and scarce, it also confusing if not conflicting. Nevertheless, it is comfortably apparent from this case law that the Campbells are entitled to summary judgment on the defense.

■ Under Alabama law, the defense of product misuse is considered to be included within the broader affirmative defense of contributory negligence. *American Honda*, 585 So.2d at 1339–42. In a products liability case, the defense of a plaintiff's own contributory negligence covers two concepts: first, the plaintiff's negligence in using the product; and, second, the plaintiff's negligence, not in using the product, but in causing the accident in which the product was used. An example of the latter concept would be where the plaintiff, who was injured in a motorcycle accident because his helmet failed to provide adequate protection. was contributorily negligent in causing the accident but not in his use of the helmet.

In *American Honda*, the Supreme Court of Alabama held that a plaintiff's contributory negligence in causing an accident was not a defense to an AEMLD action, but that his contributory negligence in the use of the product was. 585 So.2d at 1342. Unfortunately, the court did not go further and clarify what it meant by the defense of product-misuse. Most other courts which have addressed the issue have held that "misuse" refers not to one's carelessness or inadvertence in the use of the product, but rather to the use of a product in a manner not reasonably foreseen by the de-

fendant,[1] or to a use neither intended by the defendant nor reasonably foreseeable.[2] Other courts have used the term misuse to refer to any unintended or abnormal use of a product, but recognize only an unforeseeable misuse as a bar to recovery.[3]

Although the court in *American Honda* refers to the misuse defense as a type of contributory negligence, there is language in the opinion suggesting that the defense is viable in not only those cases where the plaintiff has been negligent (careless or inadvertent) in the use of a product, but also where the plaintiff has used the product in an unforeseeable manner. For example, the court cites as an appropriate application of the misuse defense its prior decision in *Harley–Davidson, Inc. v. Toomey,* 521 So.2d 971 (Ala.1988), where the plaintiff motorcyclist was found not to be contributorily negligent because "there [was] no evidence that he failed to exercise reasonable care in wearing the helmet." *American Honda,* 585 So.2d at 1340 (quoting *Harley–Davidson,* 521 So.2d at 974). The court in *American Honda,* however, further wrote that, "Product misuse is use of a product in a manner not reasonably foreseen by the defendant." *Id.* at 1341 (quoting *Young v. Up–Right Scaffolds, Inc.,* 637 F.2d 810 (D.C.Cir.1980)). The court also quoted extensively from a decision of the Supreme Court of Maryland, *Ellsworth v. Sherne Lingerie, Inc.,* 303 Md. 581, 495 A.2d 348, 356 (1985), rejecting the view that carelessness in the use of a product constitutes misuse and adopting instead the view that misuse is an improper use which is not reasonably foreseeable.

This court need not attempt to resolve how the Alabama Supreme Court will define the misuse defense. Under ei-

ther definition, Bosch's invocation of the defense is not supported by the evidence. If "misuse" means the plaintiff used the product in an unforeseeable manner, then Bosch has no grounds to raise this defense. Bosch has admitted that it foresaw that consumers might use its product without guards and goggles; indeed, this foreseeability was the very reason why Bosch placed the warning label on its discs. Alternatively, if Bosch's defense is understood to mean that Mr. Campbell was negligent in his use of the disc, then Bosch's evidence in this regard is also insufficient. Bosch does not contend and has not offered any evidence that Mr. Campbell was inattentive or careless in his operation of the grinding tool. Instead, Bosch's argument is that the warning label indicated to Mr. Campbell that the Bosch disc was "intended" to be used only with the safety devices in question, and Campbell misused the tool by ignoring the warnings and operating the tool without these protections. In effect, therefore, Bosch's misuse defense is premised on the warning label itself, the very warning that the Campbells argue was inadequate. When viewed within the parameters of an AEMLD failure-to-warn claim, Bosch's misuse defense is no more than an argument, in another guise, that the warning on its disc was adequate. The adequacy of the warning is usually a question for the jury, *State Farm Fire & Cas. Co. v. J.B. Plastics,* 505 So.2d 1223, 1227 (Ala. 1987), which is guided by the principle that an adequate warning is "one that is reasonable under the circumstances and it need not be the best possible warning." *Gurley v. American Honda Motor Co.,* 505 So.2d 358, 361 (Ala.1987). If Bosch's warning was sufficient, then Mr. Campbell's failure to obey could possibly be called a "misuse,"

---

1. *See Young v. Up–Right Scaffolds, Inc.,* 637 F.2d 810, 815 (D.C.Cir.1980); *Rahmig v. Mosley Machinery Co.,* 226 Neb. 423, 412 N.W.2d 56, 74 (1987); *Ellsworth v. Sherne Lingerie, Inc.,* 303 Md. 581, 495 A.2d 348, 355 (1985); *Ellithorpe v. Ford Motor Co.,* 503 S.W.2d 516, 519 (Tenn. 1973); *Hughes v. Magic Chef, Inc.,* 288 N.W.2d 542, 545 (Iowa 1980).

2. *See J.I. Case Co. v. McCartin–McAuliffe Plumbing & Heating, Inc.,* 118 Ill.2d 447, 114 Ill.Dec. 105, 516 N.E.2d 260, 266 (1987); *Uptain v. Hunt-*

*ington Lab, Inc.,* 723 P.2d 1322, 1325 (Colo. 1986); *Harville v. Anchor–Wate Co.,* 663 F.2d 598, 602–03 (5th Cir.1981) (Texas law).

3. *See Cramer v. Toledo Scale Co.,* 158 A.D.2d 966, 551 N.Y.S.2d 718, 719 (1990); *Masaki v. General Motors Corp.,* 71 Haw. 1, 780 P.2d 566, 579 (1989); *Germann v. F.L. Smithe Machine Co.,* 395 N.W.2d 922, 925 (Minn.1986); *Weber v. Caterpillar Machinery Corp.,* 542 So.2d 544, 551 (La.Ct.App.1989).

but such a characterization would be redundant because Bosch would have fulfilled its duty to warn and would not be liable to the Campbells. On the other hand, if the warning was inadequate, the consumer cannot be expected to heed a warning which is, by definition, not "reasonable under the circumstances." *Id.* An inadequate warning does not put a consumer on notice of its message, and failure to obey an "unreasonable" warning cannot be evidence of an improper use. In either case, therefore, to allow Bosch to rely on the label, whose sufficiency as a warning is disputed, as evidence that Mr. Campbell "misused" the disc would be redundant.

■ Bosch argues that *Gurley v. American Honda Motor Co.*, 505 So.2d 358 (Ala.1987), commands a different conclusion. There, the plaintiff was injured while riding with a passenger on a motorcycle manufactured by the defendant. The court held that the defendant had no duty to warn of the dangers of riding with a passenger because the combination of the motorcycle's small size, lack of rear foot pegs, instructions in the owner's manual, and gas tank label stating "WARNING—OPERATOR ONLY—NO PASSENGER," made it clear that the practice of riding double was an unintended use of the vehicle. 505 So.2d at 361. Bosch's reliance on *Gurley* is misplaced. First, *Gurley* was tried under a negligent failure-to-warn theory, not the AEMLD. Under the former, there is no duty to warn of dangers which are open and obvious, while under the AEMLD this concept is addressed in a somewhat altered manner by the affirmative defense of assumption of the risk, not by the defense of product misuse. *King v. S.R. Smith, Inc.*, 578 So.2d 1285, 1287 (Ala.1991); *Nettles v. Electrolux Motor*, 784 F.2d 1574, 1578–79 (11th Cir.1986); *Ford Motor Co. v. Rodgers*, 337 So.2d 736, 740–41 (Ala.1976). Therefore, the *Gurley* court's determination that the motorcycle's design, combined with its warning label, made the danger of double riding an "open and obvious danger," is not applicable to the Campbells' misuse claim. Second, Bosch, unlike the defendant in *Gurley*, has not offered any evidence that the disc was specifically de-signed to be used with guards and goggles and that this design would be apparent to a user. Instead, Bosch relies solely on its label as notice that the disc was "intended" to be used only with goggles and guards. Finally, the court in *Gurley* found that warnings provided by the defendant were adequate as a matter of law, while Bosch has made no such showing with regard to its own warning label.

### B. Assumption of the Risk

■ Assumption of the risk is a contention by the defendant that, regardless of the reasonableness of the warning, the plaintiff understood the danger involved and chose to accept the risk of harm. The essential elements that a defendant must show to establish a defense of assumption of the risk are: (1) knowledge by the plaintiff of the dangerous condition, (2) appreciation of the danger under the surrounding conditions and circumstances, and (3) that the plaintiff acted unreasonably by placing himself into the way of the known danger. *Slade v. City of Montgomery*, 577 So.2d 887, 892 (Ala.1991); *Cooper v. Bishop Freeman Co.*, 495 So.2d 559, 563 (Ala. 1986).

In this regard, Bosch has offered evidence that Mr. Campbell had extensive experience and training with power tools such as electric drills, bench grinders, sanders, buffing machines, power saws, and lathes. The evidence further indicates that Campbell was aware of the potential of many of these devices to cause eye injury, and he owned a welding hood which he would wear to protect his eyes when he thought it necessary. Mr. Campbell admits that he was aware that swarf or grit kicked up by many of these tools, including the grinding and sanding tool in question, could cause eye injury, and he admits that he assumed that particular risk by not using a guard or goggles on many occasions, including the occasion of his injury.

One of the tools Mr. Campbell owned, a Dremel "Moto–Tool" which serves as a sander and grinder, came with an owner's manual which Mr. Campbell admits to having read. The manual contained a number of admonishments for users to wear safety glasses, such as: "The operation of any

power tool can result in foreign objects being thrown onto the eyes, which can result in severe eye damage. Always wear safety glasses or eye shields before commencing power tool operation." On the same page as two eye protection notices, the manual bore a passage which read:

> "!WARNING When using the steel saw wheels ... or cutoff wheels ... always have the work securely clamped. Never attempt to hold the work with one hand while using either of these accessories. The reason is that these wheels will grab if they become slightly canted in the groove, and can kickback causing loss of control resulting in serious injury.... When a cutoff wheel grabs, the wheel itself usually breaks. When the steel saw wheel grabs, it may jump from the groove and you could lose control of the tool."

Finally, Bosch offers evidence that Campbell has sustained four eye injuries prior to the date of the accident in question.

■■■■ As the Campbells correctly point out, to bar recovery it is not enough that the plaintiff knew of a general danger connected with the use of the product. Instead, to prevail with an assumption-of-the-risk defense, the defendant must show that the plaintiff actually appreciated the specific danger which caused his injuries. "The fact that the plaintiff is fully aware of one risk ... does not mean that he assumes another of which he is unaware." *Davis v. Liberty Mut. Ins. Co.*, 525 F.2d 1204, 1206–07 (5th Cir.1976) (applying Alabama law) (quoting W. Prosser, *Law of Torts*, § 68, at 449 (4th ed. 1971)). *See also Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56, 74 (1987); *Ellsworth v. Sherne Lingerie, Inc.*, 303 Md. 581, 495 A.2d 348, 356 (1985). Therefore, evidence which at most demonstrates that Mr. Campbell was aware of a generalized danger of eye injury when using power tools, or evidence that he assumed the risk of having small particles of wood or metal striking his eye, is insufficient to raise an issue of material fact concerning assumption of the risk of harm from a shattering grinding disc. The danger presented by swarf or grit is different in kind and magnitude from the danger presented by a shattering disc, and Mr.

Campbell's assumption of the risk of the former does not evidence his intent to assume the latter. *See Haugen v. Minnesota Mining & Mfg. Co.*, 15 Wash.App. 379, 550 P.2d 71, 75 (1976); *McGrath v. Wallace Murray Corp.*, 496 F.2d 299, 302 (10th Cir.1974) (applying Utah law).

■■■■ On the other hand, the owner's manual which accompanied the Dremel Moto-Tool warned specifically that cutoff wheels "usually" break when they grab. Both this tool and the one Mr. Campbell was using when he was injured appear to utilize high-speed rotating wheels, discs, or cutters to cut, grind, sand, or polish materials such as wood or metal. Viewing the evidence in the light most favorable to Bosch and on the very limited record presented so far by the parties, the court cannot rule out the possibility that these tools are relatively similar, and knowledge of the specific dangerous propensities of one tool could translate into specific knowledge regarding the other.

Accordingly, for the above reasons, it is ORDERED that the plaintiffs' renewed motion for partial summary judgment, filed on November 15, 1991, with regard to defendant Robert Bosch Power Tool Corporation's affirmative defenses to the plaintiffs' failure-to-warn claim, be and it is hereby granted with regard to the defense of product misuse, and denied with regard to the defense of assumption of the risk.