RICHARD L. JONES, Retired Justice.
The plaintiff alleged that the motorcycle in question was defective. His allegation of a defect embraced “design defect” and “failure to warn” theories, under the Alabama Extended Manufacturer’s Liability Doctrine. As to the “design defect” theory, the defendants’ summary judgment was proper. See Atkins v. American Motors Corp., 335 So.2d 134 (Ala.1976). See, also, Campbell v. Robert Bosch Power Tool Corp., 795 F.Supp. 1093 (M.D.Ala.1992); and Toney v. Kawasaki Heavy Industries, Ltd., 975 F.2d 162 (5th Cir.1992).
The defendants’ summary judgment was also proper as to the “failure to warn” theory. See Gurley v. American Honda Motor Co., 505 So.2d 358 (Ala.1987). See, also, General Electric Corp. v. Mack, 375 So.2d 452 (Ala.1979); and Shaffer v. AMF, Inc., 842 F.2d 893 (6th Cir.1988).
The summary judgment was also proper as to the plaintiffs negligence and wantonness claims. See Veal v. Teleflex, Inc., 586 So.2d 188 (Ala.1991).
Because the plaintiff had no evidence that the motorcycle was not fit for the ordinary *438 purpose for which it was sold and used, the summary judgment was also proper as to the plaintiffs “implied warranty of merchantability” claim. See Shell v. Union Oil Co., 489 So.2d 569 (Ala.1986).
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
MADDOX, SHORES, HOUSTON, COOK and BUTTS, JJ., concur.