MONROE, Judge.
This appeal follows a summary judgment in favor of Blount’s Exterminating Company, Inc., on Kenneth E. Brown and Linda Brown’s breach of contract claim.
The Browns sued Blount, alleging breach of contract, “negligent breach of contract,” “wanton breach of contract,” and negligence. The Browns alleged that they had found active termite damage to their home while their contract with Blount for termite control was in effect, and that Blount refused to repair the termite damage as required by the contract. Blount moved the trial court to dismiss the claims alleging negligent and wanton breach of contract; the trial court granted that motion. Blount filed a motion for a summary judgment on the remaining claims; the trial court granted the summary judgment motion. The Browns appealed the summary judgment to the Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The Browns appeal only as to their breach of contract claim; they contend that they presented substantial evidence in support of that claim and, therefore, that it should have been submitted to a jury. In support of its motion for a summary judgment, Blount submitted copies of the termite bond contract and the renewal contracts. These documents indicate that Blount initially inspected and treated the home on April 24, 1986, and entered into a contract for termite control with Louise Baugh, who was the owner at that time. Blount inspected the home before the Browns purchased the home, and, on February 6, 1987, issued a report to the Browns stating that no visible evidence of termite infestation was found. The termite bond contract was renewed each year and remained effective until April 24, 1993. The contract provided that Blount would make necessary repairs to structural damage to remedy any new termite damage caused by live termites found during the contract period. Portions of the deposition testimony of Hugh Blount, the owner of Blount Exterminating, were submitted. Blount stated that he found active termites and active termite damage when he initially inspected the home in 1986, that he treated the home for termites, and that he knew that some repairs were made to the damaged areas. He stated that, while the contract was in effect, he received a call from Linda Brown, who, he said, told him that she thought that she had termite damage in a sill on the front of the house. Blount testified that he inspected the sill and that he found water damage, but that he found no termites. Blount also submitted portions of Linda Brown’s testimony. She testified that she discovered termite damage in October 1990 when she fell through her back porch. She said that she contacted Hugh Blount and that he inspected the home and told her that there were no live termites. She also stated that her brother, who works in construction, looked at the damage and told her that she had live termites; she said that he showed her the termites and that she saw “white little bugs.” Linda Brown also stated that, after October 1990, she had the home inspected by Bama Pest Control, the Terminix pest control company, and the State Department of Agriculture. Terminix and the Department of Agriculture inspector informed her that her home had old termite *10 damage. She testified that none of the inspectors discovered live termites.
Blount submitted portions of the deposition testimony of Phillip Ream, the Department of Agriculture inspector who inspected the home. Ream stated that he found old termite damage, but no active infestation. He testified that he inspects homes to determine whether the treatments by pest control companies meet the minimum standards of the department’s regulations; he stated that on inspection of the Browns’ home he found no violation of treatment regulations.
In opposition to the motion for summary judgment, the Browns submitted Linda Brown’s deposition testimony indicating that she saw live termites; they also submitted the affidavit of her brother, Marshall Martin. Martin stated that, during the course of his employment in the construction business, he has become familiar with termites and termite damage. The affidavit states that in October 1990 he observed live termites around the Browns’ back porch.
A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(8), Ala.R.Civ.P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). The party moving for a summary judgment must present, in support of its motion, evidence that would be admissible at trial. Rule 56(e), Ala.R.Civ.P. When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). On review of a summary judgment, we are required to view the record in a light most favorable to the nonmovant and to resolve all reasonable doubts in favor of the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990). In his dissent, Judge Crawley states that the evidence submitted by the Browns “failed to prove” that the damage was caused by live termite infestation. At the summary judgment stage, the nonmovant is not required to “prove” his case to withstand the entry of a summary judgment against him, but is required only to present substantial evidence creating a question of fact in support of his position.
The Browns contend that the trial court erroneously failed to consider Martin’s affidavit in ruling on the summary judgment motion. Indeed, the trial court’s order states:
“The only evidence produced by the plaintiffs of active termite infestation was Linda Brown’s reliance on the statements of her brother that her home was infested with termites. However, the statements of plaintiff Linda Brown’s brother are hearsay and would be inadmissible at trial; therefore, hearsay statements] are not to be considered as competent evidence to [defeat] a summary judgment [motion]. Car Center, Inc. v. Home Indemnity Co.; 519 So.2d 1319, 1322 (Ala.1988).”
Rule 56(e), Ala.R.Civ.P., establishes the requirements for admissibility of materials submitted in support of or in opposition to a summary judgment motion. It states in pertinent part: “[Ajffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” Martin’s statements, while hearsay when repeated by Linda Brown, are facts within Martin’s personal knowledge of which he is competent to testify, and are admissible when made by Martin.
Because Martin’s affidavit met the admissibility requirements of Rule 56(e), the trial court erred by failing to consider Martin’s testimony when ruling on the motion for summary judgment. See, e.g., Rodgers v. Adams, 657 So.2d 838 (Ala.1995) (reversing a summary judgment for the defendant because the trial court had improperly excluded the plaintiffs expert’s affidavit). This is not a case where the same facts are proven by *11 other means and the evidence excluded is cumulative, making the exclusion of admissible evidence harmless error. City of Gulf Shores v. Harbert International, 608 So.2d 348 (Ala.1992). Bather, the trial court’s judgment indicates that it considered the evidence in support of the motion to be uncon-troverted.
Viewing the record in a light most favorable to the Browns, we hold that the evidence contained in Martin’s affidavit constituted substantial evidence creating a genuine issue as to whether a live termite infestation recurred during the effective dates of the Browns’ contract with Blount. The exclusion of the affidavit containing admissible evidence in support of the Browns’ claim was reversible error. Therefore, the summary judgment is reversed and the cause is remanded.
REVEKSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.