MONROE, Judge.
Brandye M. Howell, by and through her mother, Fayda Marsh, and Fayda Marsh, individually, sued Honda Motor Company, Ltd., Honda R & D Company, Ltd., and American Honda Motor Company, Inc. (all hereinafter referred to as “Honda”). The complaint alleged negligence and/or wantonness claims under the Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”). Specifically, the plaintiffs claimed that Honda had produced a defective or unreasonably dangerous motorscooter and that it had failed to warn of the defect or unreasonably dangerousness and that these failures were the proximate cause of Brandye Howell’s accident on a Honda motorscooter.
Honda denied the allegations and moved for a summary judgment on all the claims. Honda supported its motion with an affidavit from an expert, Thomas Carter. The plaintiffs responded with an affidavit of an expert, Samuel Kennedy. The trial court entered a summary judgment in favor of Honda as to all claims. The plaintiffs appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). The moving party must present, in support of its motion, evidence that would be admissible at trial. Rule 56(e) Ala. R. Civ. P. The burden of proof is on the party moving for a summary judgment to make a prima facie showing that no genuine issue of material fact exists. See Jordan v. General Motors Carp., 581 So.2d 835, 836 (Ala.1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
On June 15, 1991, at approximately 10:00 p.m., Howell was riding a 1987 Honda SE-50 motorscooter that had been designed and manufactured by Honda. It is disputed whether Howell was driving the motorscooter. However, it is undisputed that both Howell and her friend, Kelli Aldridge Ander-ton, were riding the motorscooter. At the time, both girls were 14 years old. Howell and Anderton were riding the motorscooter *715 southbound on a gravel road, County Road 1568, traveling away from Anderton’s home. As the girls were crossing County Road 23, a pickup truck traveling on County Road 23 hit the motorscooter. Both girls were injured. Howell contends that she suffered bruises, broken bones, and a severe injury to her brain. Howell claims that the severity of her injuries rendered her learning-disabled, caused her to suffer a stroke, caused her right arm to be immobile, and caused her to require a splint in her right hand and a prothesis for her right leg.
The plaintiffs alleged that the motorseooter was defective and unreasonably dangerous because, they claimed, it did not have sufficient side lights or reflectors to warn oncoming traffic of the presence of the motorscooter. Specifically, the plaintiffs contend that the driver of the pickup truck did not see the motorscooter because the lighting was inadequate and, thus, that the inadequate lighting was the cause of the accident.
On appeal, the plaintiffs argue that they presented sufficient evidence to establish a prima facie case under the AEMLD. In order to establish liability under the AEMLD, a plaintiff must prove:
“(1) He suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
“(a) the seller is engaged in the business of selling such a product, and
“(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it was sold.
“(2) Showing these elements, the plaintiff has proved a prima facie ease although “(a) the seller has exercised all possible care in the preparation and sale of his product, and
“(b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.”
Casrell v. Altec Industries, Inc., 335 So.2d 128, 132-33 (Ala.1976). Furthermore, “[t]he burden of proof rests with the injured consumer to prove that the product left the defendant’s control in an unreasonably dangerous condition not fit for its expected use, and that [that] which rendered the product in such an unfit condition in fact caused the injury.” Sears, Roebuck & Co. v. Haven Hills Farm, Inc., 395 So.2d 991, 995 (Ala. 1981); citing Restatement (Second) of Torts, § 402A, cmt. g.
The trial court allowed Honda to supplement the record with additional depositions. On October 10, 1997, Honda filed the deposition of Shigeo Kawanda (an expert witness), Kelli Aldridge Anderton, and Doyne Aldridge (Kelli Anderton’s father). The trial court entered a summary judgment on October 6, 1997. Because these depositions were not before the trial court when the court entered the summary judgment, this court cannot consider the evidence presented in them. See Guess v. Snyder, 378 So.2d 691, 692 (Ala.1979). The trial court can consider only that material before it at the time of the submission of the summary judgment motion. Id. Further, a summary judgment may be granted only when the materials “on file” show that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.
Upon review of the record, and disregarding the evidence filed after October 6, 1997, we find that the only evidence Honda presented in support of its motion for summary judgment was the affidavit of Thomas Carter, a mechanical engineer, and photocopies of warnings.
Carter stated that he was familiar with the design of the motorscooter and that he had inspected the motorscooter. He further stated:
“[T]he motor scooter complied with all applicable Federal Motor Vehicle- Safety Standards in effect at the time it was designed and manufactured. Further, I found that the scooter had appropriate lighting, reflective devices and materials, and that it was reasonably safe for its intended use at the time it left the hands of the manufacturer, Honda Motor Co., Ltd.”
*716 Honda attached photocopies of a warning that is directly affixed on the motorscooter and that is printed in the owner’s manual. The warning reads, “OPERATOR ONLY, NO PASSENGERS.” These warnings and the affidavit of Carter were the only evidence Honda presented.
To support her claim that the motorscooter was defective in that the side illumination or lighting was insufficient, Howell presented the affidavit of Samuel Kennedy, an expert in “human performance, vision and visual perception.” In his affidavit, Kennedy stated that in his opinion the reason the accident occurred is that “there were no markings, lights or other details on the side of the motorscooter” that would provide enough illumination to allow the motorscooter to be seen at night. Further, Kennedy stated that the headlight is small and does not project enough illumination and that under some conditions, as in this case, when two vehicles are at right angles to each other, the headlights of one vehicle will not illuminate the other until it is too late to stop. Kennedy stated that to remedy the defect Honda could use additional headlights, running lights, reflector tape to the side of the motorscooter, or side or edge lights like those on automobiles. Moreover, Kennedy suggests the use of reflector tape affixed to the tires or the use of whitewall tires would increase side illumination.
Upon review of the record, and disregarding the evidence filed after October 6, 1997, we conclude that Honda failed to make out a prima facie ease that no genuine issue of material fact exists. Moreover, the plaintiffs presented an expert’s opinion that directly conflicted with the opinion of Honda’s expert. “At the summary judgment stage, the nonmovant is not required to ‘prove’ his case to withstand the entry of a summary judgment against him, but is required only to present substantial evidence creating a question of fact in support of his position.” Brown v. Blount’s Exterminating Co., 694 So.2d 8, 10 (Ala.Civ.App.1997). Viewing the facts in the light most favorable to the plaintiffs, we find a genuine issue of material fact. Thus, the trial court erred in entering the summary judgment in favor of Honda on the claim that the motorscooter was defective and/or unreasonably dangerous.
The plaintiffs also argue that the summary judgment was improper on their claim that Honda had failed to adequately warn of the insufficient illumination. In order to make a prima facie showing of failure to adequately warn, the plaintiffs must provide evidence that Honda breached a duty and that the breach proximately caused their injuries. See Gurley v. American Honda Motor Co., 505 So.2d 358, 361 (Ala.1987); citing, E.R. Squibb & Sons, Inc. v. Cox, 477 So.2d 963 (Ala.1985). “A manufacturer is under a duty to warn users of the dangerous propensities of a product only when such products are dangerous when put to their intended use.” Curley, 505 So.2d at 361; citing, McCaleb v. Mackey Paint Mfg. Co., 343 So.2d 511 (Ala.1977).
Our Supreme Court, in Gurley, held that Honda’s warning on the Honda motor-scooter — “OPERATORS ONLY NO PASSENGERS” was adequate as a matter of law. Gurley, 505 So.2d at 361. In its motion for summary judgment, Honda relies heavily on Gurley. In fact, the only argument Honda makes to create a prima facie showing that no genuine issue of material fact exists, is that the warning that the motorscooter is for the operator’s use only is adequate and thus that the summary judgment was appropriate.
In response to Honda’s argument, the plaintiffs point out that they are not asserting that Honda inadequately warned of the dangerousness associated with a passenger’s riding the motorscooter, but, rather, are contending that Honda failed to adequately warn of the insufficient side illumination of the motorscooter.
Again, we note that we are disregarding the evidence filed after October 6, 1997. Reviewing the record, minus the untimely evidence, we conclude that Honda failed to make out a prima facie case that no genuine issue of material fact exists. Moreover, viewing the facts in the light most favorable to the plaintiffs, we find the existence of a genuine issue of material fact. Therefore, the trial court erred in entering the summary *717 judgment in favor of Honda on the plaintiffs’ claim alleging failure to adequately warn.
For the foregoing reasons, the judgment is reversed and the case is remanded.
REVERSED AND REMANDED.
YATES and CRAWLEY, JJ.„ concur.
ROBERTSON, P.J., and THOMPSON, J., concur in result.